UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARK GORE, | ) | |
|     No. 94167, | ) | |
| | ) | |
|     Plaintiff, | ) | No. 3:17-cv-01082 |
| | ) | CHIEF JUDGE CRENSHAW |
| v. | ) | |
| | ) | |
| CORE CIVIC INC., *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER AND MEMORANDUM

By Order and accompanying Memorandum entered on August 11, 2017, the Court granted the Plaintiff's application to proceed in forma pauperis, dismissed the Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Jane Doe and f/n/u Andrews, and directed process to issue on the Plaintiff's § 1983 claims against Defendants Core Civic, f/n/u Rychen, Darrell Jones, f/n/u Hebron, f/n/u Carter, and f/n/u Sowers. (Doc. Nos. 4 and 5). Subsequently, the Plaintiff filed a motion to amend or alter judgment (Doc. No. 7) in which he asks the Court to alter or amend its decision to dismiss the Plaintiff's claims against Defendants Doe and Andrews and "permit [the Plaintiff] to amend his complaint to include more specific allegations against Defs. Jane Doe and Andrews . . . ." (Id. at 11-12).

Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005). Motions to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Here, the Plaintiff's motion to alter or amend was timely filed.

1

With regard to the Court's prior decision to dismiss nurse Jane Doe, the Court found that the Plaintiff's claim against Doe had been filed outside of the governing statute of limitations period for § 1983 claims. (Doc. No. 4 at 5). In his motion to alter or amend, the Plaintiff concedes that he filed his complaint over one year after the incident giving rise to his claim occurred. (Doc. No. 7 at 7). However, the Plaintiff points out that, in order to exhaust his administrative remedies before filing claims against Doe, he had to wait until he received a response to his inmate grievance concerning the incident. (Id. at 8). The Plaintiff contends that, because he received that response on September 2, 2016, and filed this action on July 21, 2017, he filed this action within the governing statute of limitations period as tolled by the required exhaustion of his administrative remedies. (Id. at 8-9).

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999). This language unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation. Prisoners therefore are prevented from bringing suit in federal court for the period of time required to exhaust "such administrative remedies as are available." Id. For this reason, the statute of limitations applicable to the Plaintiff's civil rights claims against Doe was tolled for the period during which the Plaintiff's available state remedies were being exhausted. See Brown v. Morgan, 209 F. 3d 355, 356 (6th Cir. 2000). The Court therefore finds that these circumstances, which were unknown to the Court previously, warrant an alteration or amendment of the Court's prior Order and Memorandum with regard to Defendant Doe pursuant to Rule 59. Therefore, the Plaintiff's motion to alter or amend (Doc. No.

6) will be granted insofar as the Court's dismissal of the Plaintiff's claim against Doe based on statute of limitations grounds will be vacated.

Next, with regard to the Court's prior decision to dismiss Defendant Andrews, the Court found that the allegations of the complaint do not support a claim of deliberate indifference to the Plaintiff's serious medical needs by Andrews because the complaint alleges only that Andrews informed the Plaintiff of Core Civic's policy not to honor bottom bunk passes issued by other facilities. (Doc. No. 4 at 7). In his motion to alter or amend judgment, the Plaintiff emphasizes that Andrews is the "lone promulgator" of Core Civic's custom, practice, and policy of disregarding bottom bunk passes issued by other facilities. (Doc. No. 7 at 10). The Plaintiff alleges that "Andrews is promoting a blanket deliberate indifference to MDF/Core Civic's received inmates who arrive from the Contracing Agency, Davidson County Sheriff's Office (DCSO), as it must be assumed that DCSO does not issue bottom bunk passes for insignificant medical conditions." (Id.) In light of these allegations, and particularly considering that the Court previously determined that the complaint's allegations against Core Civic state an Eighth Amendment claim, the Court is persuaded that the Plaintiff's motion to alter or amend should be granted to prevent injustice. (Doc. No. 4 at 9). Consequently, the Court finds that it is appropriate to vacate the Court's prior dismissal of the Plaintiff's claim against Andrews.

Having granted the Plaintiff's motion to alter or amend judgment, the Court moves to the Plaintiff's request to file an amended complaint "to include more specific allegations" demonstrating deliberate indifference towards the Plaintiff's serious medical needs by Defendants Doe and Andrews. (Doc. No. 7 at 12). In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party,

3

repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. Fed. R. Civ. P. 15(a); Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005). The Court finds that, after considering these factors, allowing an amendment would cause little or no prejudice to the Defendants at this stage of the proceedings, there is no evidence of bad faith on the part of the Plaintiff, and the Plaintiff should be permitted to amend his complaint for the purpose of alleging deliberate indifference on the part of Defendants Doe and Andrews, particularly considering that, in his original complaint, the Plaintiff generally alleged that "all Defendants" acted with deliberate indifference to the Plaintiff's serious medical needs. (Doc. No. 1 at 7).

Accordingly, the Plaintiff's motion to alter or amend (Doc. No. 7) is hereby **GRANTED**. The Court's August 11, 2017 dismissal of the Plaintiff's § 1983 claim against Jane Doe based on statute of limitations grounds is hereby **VACATED**, as is the Court's dismissal of the Plaintiff's § 1983 claim against Defendant f/n/u Andrews based on failure to state a claim upon which relief can be granted.

The Plaintiff is hereby **GRANTED** leave to file an amended complaint regarding his § 1983 claims against Defendants Jane Doe and Andrews. The Plaintiff's amended complaint must be filed within 14 days of receiving this Order or the amended complaint will not be considered by the Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE